IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-CR-70-GKF |
| | ) | |
| MICHAEL LEON JAMESON, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the court is defendant Michael Leon Jameson's Motion for Relief From a Judgment of Denial Under FRCivP Rule 60(b) Pursuant to Movant's Motion Under 28 USCS 2255 (and Movant's "Motion to Reverse Conviction and Acquit' Per 10th Circuit's Lambert") [Dkt. #117].[1]

Citing *United States v. Lambert,* 603 F.2d 808, 809 (10th Cir. 1979), Jameson asks the court to treat his earlier filed Motion for Judgment of Acquittal [Dkt. #71], Motion to Reverse and Acquit under Rule 33 and 29 [Dkt. #75], Motion to Compel Court to Respond to Motion for Reversal and Acquittal [Dkt. #104] and Motion for Final Judgment [Dkt. #109]—all of which the

---

[1] On January 30, 2012, this court denied Jameson's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255 [Dkt. #111] and his Motions for Judgment of Acquittal [Dkt. #112]. On February 8, 2012, Jameson filed a Motion for Mandamus and Recusal of the undersigned. [Dkt. #114]. On February 23, 2012, he filed a Notice of Appeal [Dkt. #115]. The same day, he filed the instant motion. On March 2, 2012, the court denied Jameson's Motion for Mandamus and Recusal. [Dkt. #123]. On March 7, 2012, the Clerk of the Tenth Circuit Court of Appeals entered orders noting Jameson's filing of the Motion for Relief from Judgment and abating the appeal pending the district court's resolution of Jameson's Motion for Relief from Judgment [Dkt. ##124-125].

court denied by its January 30, 2012 Opinion and Order [Dkt. #112]—as a motion for new trial under 28 U.S.C. § 2255.

Jameson contends that on May 25, 2011, he "gained access to new evidence that proved, beyond any shadow of a doubt that jurisdictional nexus was never established per prevailing 10th Circuit law. Specifically, it was never proven that images ever crossed state lines to or from Movant's computer." [Dkt. #71 at 4]. In a letter addressed to Magistrate Judge Frank M. McCarthy, Jameson explains, "The newly-discovered evidence came about through the quite recent publication of the SWENSON and DAYTON cases in the law library here at Oakdale FCI. All four cases—WILSON, SCHAEFER, SWENSON and DAYTON concretely clarify why I should be acquitted under those precedent cases." [Dkt. #67 at 1].

The four cases referenced by defendant are: *United States v. Wilson,* 182 F.3d 737 (10th Cir. 1999); *United States v. Schaefer,* 501 F.3d 1197 (10th Cir. 2007); *United States v. Swenson,* 335 Fed. Appx. 751 (10th Cir. 2009) (unpublished); and *United States v. Dayton,* 426 Fed. Appx. 582 (10th Cir. 2011) (unpublished). All four cases address the evidence required to satisfy the interstate commerce element of the federal crime of distribution and possession of child pornography.

Jameson asserts, based on these cases, that the Magistrate Judge erred in signing the search warrant which led the seizure of his computer hard drive, because the probable cause affidavit of Tulsa Police Officer Scott Gibson did not establish the "jurisidictional nexus" required for proving a violation of 18 U.S.C. § 2252(a)(2) or (a)(4)(B). Additionally, he contends the court erred in denying his Motion to Suppress, as did the Tenth Circuit in denying his appeal of the trial court's denial of the Motion to Suppress.

2

In his Motion to Quash and Motion to Suppress [Dkt. ##8-9], defendant challenged the validity of the search warrant issued by the magistrate judge. The probable cause affidavit submitted by Tulsa Police Officer W. Scott Gibson in support of the warrant stated that the images on Jameson's computer "can be shown to have traveled in interstate or foreign commerce." [Dkt. #8-1 at 8-9]. Defendant contended the allegations in the affidavit failed to establish an interstate nexus; therefore the magistrate judge did not have probable cause to issue the warrant. Following a hearing on the merits, the court denied defendant's Motion to Suppress. [Dkt. #11]. Defendant entered a conditional plea of guilty, reserving his right to appeal the denial of his motion to suppress.

On appeal of the denial of his motion to suppress, defendant again argued the Gibson affidavit failed to establish probable cause because it "presented *no* facts concerning interstate nexus, only a conclusory statement that such facts 'can be shown.'" [Dkt. #57 at 4]. The Tenth Circuit, citing *Schaefer,* 501 F.3d at 1200, acknowledged that in order to sustain a *conviction* under 18 U.S.C. § 2252(a)(2) or (a)(4)(B), the government must "establish that in committing the offense, a visual image 'has been mailed, or has been shipped or transported in interstate or foreign commerce…by any means including by computer.'" [Dkt. #57 at 3]. However, it stated, "There is a large difference between the two things to be proved (guilt and probable cause), as well as between the tribunals which determine them, and therefore a like difference in the quanta and modes of proof required to establish them." *Id.* at 7, quoting *United States v. Ventresca,* 380 U.S. 102, 108 (1965). "In *Shaefer,* we considered whether the defendant's mere use of the internet was sufficient to sustain a conviction, not whether there was probable cause to believe a crime had been committed." [*Id.* at 5].

Like *Shaeffer,* the remaining three cases cited by defendant address the evidence of jurisdictional nexus required to sustain a *conviction*—not the evidence of jurisdictional nexus required to establish *probable cause*. As the Tenth Circuit stated in its order denying defendant's motion to suppress, the quanta and mode of proof required to support a finding of probable cause is the same as the quanta and mode of proof required to establish guilt. The appellate court concluded the Gibson affidavit was sufficient to support the Magistrate Judge's finding of probable cause. Defendant's guilty plea relieved the government of its burden of proving the interstate commerce element of the charge of possession of child pornography. *See United States v. Geiner,* 2011 WL 4823360 at *2 (10th Cir. Oct. 12, 2011) (unpublished).

Defendant's Motion for Relief From a Judgment of Denial Under FRCivP Rule 60(b) [Dkt. #117] is denied.

ENTERED this 21st day of March, 2012.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT